# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SCOTT R. ZABRISKIE,**

        **Plaintiff,**

**-vs-**                                   **Case No.  6:10-cv-622-Orl-18GJK**

**HESS, INC., JOHN DOE NO.1, BOB
HANSELL, also known as Sheriff of Osceola,
JOHN DOE NO. 2, JOHN DOE NO. 3, JOHN
DOE NO. 4, and JOHN DOE NO. 5,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion

filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT** <br> **(Doc. No. 2)** |
| **FILED:** | **April 26, 2010** |

---

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the complaint be dismissed.

      On April 26, 2010, Scott R. Zabriskie (the "Plaintiff") initiated this action *pro se* by filing

a complaint (the "Complaint") against Hess, Inc., John Doe No. 1, Bob Hansell, John Doe No. 2,

John Doe No. 3, John Doe No. 4, and John Doe No. 5 (the "Defendants").  Doc. No. 1.  The

gravamen of Plaintiff's Complaint is that on April 24, 2006, while on the way to work he was

arrested without probable cause, beaten repeatedly, and jailed for longer than sixty (60) days.

Doc. No. 1 at ¶ ¶ 13-19.

Plaintiff filed two actions alleging striking similar conduct by various members of law

enforcement.  In *Zabriskie v. City of Kissimmee Police Department, et. al.*, Case No. 6:10-cv-

70-Orl-PCF-KRS, Doc. No. 1 (M.D. Fla. Jan. 12, 2010) ("*Zabriskie I*"), Plaintiff alleged that on

January 13, 2006, he was unlawfully arrested, beaten repeatedly, and jailed for longer than sixty

days.  *Id.* at ¶¶ 13, 15, 18.[1]  In *Zabriskie v. Bob Hansell, also known as Sheriff of Osceola*

*County, et. al.*, Case No. 6:10-cv-384-Orl-JA-DAB, Doc. No. 1 (M.D. Fla. Mar. 12, 2010)

("*Zabriskie II*"), Plaintiff alleged that on March 13, 2006, he was unlawfully arrested, beaten

repeatedly, and jailed for longer than sixty days.  *Id.* at ¶¶ 13, 16, 21.  In *Zabriskie II*, United

States Magistrate Judge David A. Baker filed a report and recommendation with the District

Court stating:

> The Court takes judicial notice, however, of a prior complaint filed
> by Plaintiff and currently pending in this Court, in which Plaintiff
> alleges that he was arrested by a different officer on January 14,
> 2006 [*Zabriskie I*], and "suffered false imprisonment longer than
> 60 day. . . ." as a result of the arrest.  Plaintiff cannot have been out
> working on March 13 if he was being "held at the Osceola County
> Jail" and falsely imprisoned for at least 61 days from his January
> 14 arrest. Plaintiff is bound by his representation in [Zabriskie I]
> and cannot maintain this factually inconsistent position.   The
> current action is therefore frivolous.

*Zabriskie II*, Doc. No. 5 at 2-3.  On April 12, 2010, the District Court adopted Magistrate Judge

Baker's report and recommendation and dismissed the case.  *Zabriskie II*, Doc. No. 11 at 1-2.

This case contains the same conflict present in *Zabriskie II*.  Plaintiff alleges that he was

---

[1] *Zabriskie I* remains pending in the Middle District of Florida.

unlawfully arrested on April 24, 2006 while walking to work. Doc. No. 1 at ¶¶ 13-19. Plaintiff could not have been walking to work on April 24, 2006 if he was being falsely imprisoned in the Osceola County Jail for at least 61 days from the March 13, 2006 arrest he alleged in *Zabriskie II*. Plaintiff is bound by his representations in *Zabriskie II* and cannot maintain this factually inconsistent position. Therefore, this case is frivolous. Pursuant to 28 U.S.C. § 1915(e)(2), the Court may dismiss any action which it determines is "frivolous or malicious." *Id*. Accordingly, the undersigned recommends that the Court:

1.   **DENY** the Motion (Doc. No. 2); and

2.   Dismiss the Complaint as frivolous.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**The Clerk is directed to send a copy of this recommendation to Plaintiff by Certified Mail.**

**RECOMMENDED** in Orlando, Florida on May 24, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
**Unrepresented Parties by Certified Mail**