**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**SCOTT R. ZABRISKIE,**

                **Plaintiff,**

**-vs-**                                              **Case No. 6:10-cv-622-Orl-18GJK**

**HESS, INC., JOHN DOE NO.1, BOB
HANSELL, also known as Sheriff of Osceola,
JOHN DOE NO. 2, JOHN DOE NO. 3, JOHN
DOE NO. 4, and JOHN DOE NO. 5,**

                **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 14)** |
| **FILED:** | **June 21, 2010** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

    On April 26, 2010, Scott R. Zabriskie (the "Plaintiff") initiated this action *pro se* by filing a complaint (the "Complaint") against Hess, Inc., John Doe No. 1, Bob Hansell, John Doe No. 2, John Doe No. 3, John Doe No. 4, and John Doe No. 5 (the "Defendants"). Doc. No. 1. Plaintiff sought leave to proceed *in forma pauperis*. Doc. No. 2. On May 24, 2010, the undersigned

issued a Report and Recommendation to the presiding district court judge recommending that the Court find the Complaint is frivolous. Doc. No. 8. On June 9, 2010, the Court adopted the undersigned's Report and Recommendation, denied the motion to proceed *in forma pauperis*, and dismissed the Complaint as frivolous. Doc. No. 10. On June 21, 2010, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* for the purposes of appeal. Doc. No. 14.

The gravamen of Plaintiff's Complaint is that on April 24, 2006, while on the way to work he was arrested without probable cause, beaten repeatedly, and jailed for longer than sixty (60) days. Doc. No. 1 at ¶¶ 13-19. Plaintiff filed two actions alleging strikingly similar conduct by various members of law enforcement. In *Zabriskie v. City of Kissimmee Police Department, et. al.*, Case No. 6:10-cv-70-Orl-PCF-KRS, Doc. No. 1 (M.D. Fla. Jan. 12, 2010) ("*Zabriskie I*"), Plaintiff alleged that on January 13, 2006, he was unlawfully arrested, beaten repeatedly, and jailed for longer than sixty days. *Id.* at ¶¶ 13, 15, 18.[1] In *Zabriskie v. Bob Hansell, also known as Sheriff of Osceola County, et. al.*, Case No. 6:10-cv-384-Orl-JA-DAB, Doc. No. 1 (M.D. Fla. Mar. 12, 2010) ("*Zabriskie II*"), Plaintiff alleged that on March 13, 2006, he was unlawfully arrested, beaten repeatedly, and jailed for longer than sixty days. *Id.* at ¶¶ 13, 16, 21. In *Zabriskie II*, United States Magistrate Judge David A. Baker filed a report and recommendation with the District Court stating:

> The Court takes judicial notice, however, of a prior complaint filed by Plaintiff and currently pending in this Court, in which Plaintiff alleges that he was arrested by a different officer on January 14, 2006 [*Zabriskie I*], and "suffered false imprisonment longer than 60 day. . . ." as a result of the arrest. Plaintiff cannot have been out working on March 13 if he was being "held at the Osceola County Jail" and falsely imprisoned for at least 61 days from his January 14 arrest. Plaintiff is bound by his representation in [*Zabriskie I*]

---

[1] *Zabriskie I* remains pending in the Middle District of Florida.

2

>and cannot maintain this factually inconsistent position. The current action is therefore frivolous.

*Zabriskie II*, Doc. No. 5 at 2-3. On April 12, 2010, the District Court adopted Magistrate Judge Baker's report and recommendation and dismissed the case. *Zabriskie II*, Doc. No. 11 at 1-2.

This case contains the same conflict present in *Zabriskie II*. Plaintiff alleges that he was unlawfully arrested on April 24, 2006 while walking to work. Doc. No. 1 at ¶¶ 13-19. Plaintiff could not have been walking to work on April 24, 2006 if he was being falsely imprisoned in the Osceola County Jail for at least 61 days from the March 13, 2006 arrest he alleged in *Zabriskie II*. Plaintiff is bound by his representations in *Zabriskie II* and cannot maintain this factually inconsistent position. Therefore, this case is frivolous.

Pursuant to 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* if the court certifies in writing that it is not taken in good faith. *Id*. A petitioner demonstrates good faith when he seeks appellate review of any issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438 (1962); *see also Farley v. United States*, 354 U.S. 521 (1957)(absent some evident improper motive, the applicant establishes good faith by presenting any issue that is not plainly frivolous); *Hayes v. United States*, 258 F.2d 400 (5th Cir. 1958); *Meadows v. Trotter*, 855 F. Supp. 217, 219 (W.D. Tenn. 1994); *U.S. v. Durham*, 130 F. Supp. 445 (D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.*, 113 F. Supp. 281 (D.C. N.J. 1953)("in good faith" means that points on which appeal is taken are reasonably arguable); *U.S. v. Gicinto*, 114 F. Supp. 929 (W.D. Mo. 1953)(the application should be denied if the trial court is of opinion that the appeal is frivolous,

and without merit, and a futile proceeding). Accordingly, the undersigned recommends that the Motion (Doc. No. 14) be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**The Clerk is directed to send a copy of this recommendation to Plaintiff by Certified Mail.**

**RECOMMENDED** in Orlando, Florida on August 9, 2010.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
**Unrepresented Parties by Certified Mail**